UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CRIMINAL ACTION NO. 3:16-CR-00054-JHM

UNITED STATES OF AMERICA                                           PLAINTIFF

v.

LAMICHAEL MCCLAIN                                                  DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a motion by Defendant LaMichael McClain to sever the counts in the indictment against him. (DN 56.) Fully briefed, this matter is ripe for decision. For the following reasons, the motion is **GRANTED**.

The indictment contains three counts. In Count I, McClain is charged with possession of a controlled substance (cocaine) with an intent to distribute on or about May 16, 2015. (DN 1.) In Count II, he is charged with possession of a controlled substance (marijuana) with an intent to distribute on or about July 16, 2015. (*Id.*) In Count III, he is charged with possession of a firearm by a convicted felon on or about July 16, 2015. (*Id.*) McClain seeks to sever each count and have separate trials, as the counts are improperly joined under Fed. R. Crim. P. 8(a) and would cause undue prejudice under Fed. R. Crim. P. 14(a).

In response, the United States first notes that it intends to move to dismiss Count II before trial, as this Court has granted McClain's motion to suppress the evidence supporting that charge. (DN 53.) Based on the forthcoming dismissal of Count II, the United States does not object to the motion to sever Counts I and III. It proposes that evidence be presented to the jury on Count I, followed by deliberations, and then returning to present evidence on Count III, followed by deliberations on that count.

The Court agrees that severance is necessary in this case. There is no basis for Counts I and III being included in the same indictment, as the crimes must be "of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Such a determination must be clear from "the face of the indictment" by looking at "factors such as the temporal proximity of the offenses, whether the offenses were part of a single overarching criminal scheme, whether the guns charged in the firearms offenses were used in the drug offense, and whether the indictment alleged in any way that the firearm and drug charges were related." *United States v. Thompson*, --- F. App'x ---, 2017 WL 2130106, at *7 (6th Cir. 2017) (citations omitted). Here, the evidence was found two months apart, and the indictment does not indicate that the weapons were a part of a criminal scheme, were used in furtherance of the cocaine possession, or are in any way related to the drug charge. Therefore, the counts are improperly joined under Rule 8(a).

As a result, severance is required. The United States has proposed a bifurcated trial, as opposed to a severance which would result in two separate trials. The only true difference would be whether the two counts would be heard by the same jury (bifurcation) or different ones (severance). It is true that in many cases involving possession of a firearm by a felon, courts will often bifurcate the trial so that the evidence of prior convictions necessary for the firearm charge does not taint any other charges by being presented at the same time. *E.g.*, *United States v. Robinson*, 2016 WL 3748520, at *2 (W.D. Ky. July 8, 2016). But that is often done under Rule 14(a) so as to avoid prejudice to the defendant, even when joinder of the charges in the indictment is otherwise appropriate. *See id.* at *2. Here, there is no relation between the two charges that are to be tried, making it inappropriate to try both before the same jury even in a bifurcated fashion. *See United States v. Moore*, 376 F.3d 570, 573 (6th Cir. 2004) (when all

charges were related to armed bank robbery except for a drug possession charge, "[t]he district court severed the drug possession charge from the other charges, and each group of charges was tried separately to a different jury before the same judge"). Therefore, the Court **GRANTS** McClain's motion to sever, and each count will be tried before a separate jury.

                                                                   **Joseph H. McKinley, Jr., Chief Judge**
                                                                       **United States District Court**

July 18, 2017

cc: counsel of record