# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**CRIMINAL ACTION NO. 3:16-CR-00054-JHM**

**UNITED STATES OF AMERICA**                                                      **PLAINTIFF**

**v.**

**LAMICHAEL MCCLAIN**                                                                            **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on defendant LaMichael McClain's motion to dismiss (DN 70.) Fully briefed, this matter is ripe for decision.

### I. BACKGROUND

McClain was indicted on two counts of possession of a controlled substance with intent to distribute (Counts I and II), and one count of possession of a firearm by a convicted felon (Count III). (DN 1.) After suppressing the evidence supporting Count II (DN 53), the Court granted McClain's motion to sever Counts I and III and hold separate trials for each count. (DN 63.) Trial on Count 1 was scheduled to begin on August 1, 2017. The present motion to dismiss was filed that morning. The motion states that the government turned over to McClain approximately 125 videos from a home surveillance system the afternoon of July 31, the day before trial was to begin.[1] Police had seized the surveillance system hard drive on May 16, 2015, during the course of their investigation. These videos were each approximately 40 minutes long, making it impossible to view all the videos before trial was set to begin. McClain also stated in his motion that the government disclosed chain of custody documents later in the day on July 31. Then, the morning that trial was to begin on Count I, McClain was given phone records that were

---

[1] Later on July 31, McClain filed a motion to exclude the videos at trial. (DN 68.) Because McClain's motion to dismiss encompasses his request that, in the alternative, all recently-disclosed evidence be excluded at trial, the Court will consider the motions simultaneously.

obtained via search warrants that were executed on cell phones that were also seized on May 16, 2015. These phone records were too voluminous to send by email, so the government provided them to McClain on a flash drive the morning trial was set to begin.

Before commencing trial, the Court heard arguments on the motion to dismiss. (*See* Transcript [DN 72] at 2–18.) Counsel for McClain argued that he could not proceed with trial without having an opportunity to review the recently-disclosed materials, but that the case should be dismissed rather than continued due to the government's failure to comply with Fed. R. Crim. P. 16 in making the late disclosures, as a continuance would only give the government more time to examine this recently-disclosed evidence and bolster its case against McClain.[2] (*Id.* at 2:21–7:1.) The government then disclosed that the surveillance video had only become available recently due to an improvement in the software used by the Louisville Metro Police Department ("LMPD") that made extraction of the data from the hard drive feasible. (*Id.* at 7:12–8:6.) The government also represented that search warrants for the cell phones were not obtained until July 31, and that the information was turned over to the defense almost immediately after it became available to the government. (*Id.* at 8:22–9:8.) The government indicated that repeated requests had been made to LMPD for this information but acknowledged that the late disclosure of this material would likely preclude the government from using any of this material in its case-in-chief. (*Id.* at 9:15–25, 10:21–11:3.) Upon hearing these arguments, the Court continued the trial and ordered briefing on the motion to dismiss or, in the alternative, the motion to exclude the recently-disclosed evidence. (*Id.* at 14:10–17.) The government has responded (DN 75), and

---

[2] McClain has also made reference in his motion to dismiss to violations of his rights to due process of law and a fair a speedy trial. McClain has provided no support for these arguments beyond conclusory statements that these rights were violated. Therefore, the Court will only examine his claims under Rule 16, as McClain has not provided the necessary support for these other arguments.

McClain has replied (DN 76), with the government also now moving for leave to file a surreply. (DN 77.)

## II. DISCUSSION

### A. MOTION FOR LEAVE TO FILE SURREPLY

First, the Court must address the government's motion for leave to file a surreply. The motion argues that the surreply should be accepted due to two new arguments that have been raised by McClain in his reply. However, neither of the specific points raised by McClain require a surreply. McClain does reference Rule 16(a)(1)(F), which covers reports or results from examinations or experiments, in his reply instead of Rule 16(a)(1)(E), which covers documents, data, and tangible objects, and the government's surreply merely seeks to point out this mistake. And McClain makes a passing reference, without support, to a violation of "his Speedy Trial rights." (DN 76, at 5.) While the government's surreply addresses whether McClain's rights under the Speedy Trial Act, 18 U.S.C. § 3161, were violated, McClain's failure to offer any support for a Speedy Trial Act claim ends this Court's inquiry. Because McClain's arguments under Rule 16(a)(1)(F) and 18 U.S.C. § 3161 are not meritorious, the government's surreply is unnecessary, and its motion for leave to file a surreply is **DENIED**.

### B. MOTION TO DISMISS

Discovery in criminal trials is governed by Fed. R. Crim. P. 16. For data, documents, and tangible objects, which are at issue in this case, Rule 16(a)(1)(E) requires disclosure if the item is material to preparing the defense, the government intends to use the item in its case-in-chief, or the item was obtained from or belongs to the defendant. The Court's most recent order setting discovery deadlines required that all Rule 16 disclosures be made no later than July 19, 2016.

(DN 16.) Even with this deadline, though, Rule 16(c) imposes a continuing duty upon the parties to disclose any newly-discovered evidence beyond the Court's deadline for disclosure.

McClain argues that Rule 16 encompasses the recently-disclosed surveillance videos and phone records, and the Court agrees, as it is all material to McClain's preparation of a defense or was obtained from or belonged to McClain.[3] For example, the surveillance videos were retrieved from a hard drive that was obtained from McClain. The videos also allegedly show both the interior and exterior of McClain's home in the days leading up to and including the search of his house by police. (Transcript [DN 72] at 3:3–12.) Viewing these videos and discovering what occurred both before and during the search is certainly material to McClain's preparation of a defense. While usually a defendant must make a prima facie showing of how the evidence would be material to the preparation of a defense, *see United States v. Phillips*, 948 F.2d 241, 250–51 (6th Cir. 1991), the materiality of these videos is clear in this situation. The government must prove that McClain had possession of the cocaine, presumably by showing he had control of the safe in which it was found. If a video exists showing that McClain did or did not have exclusive control of the safe, then such a video would certainly be material to preparing a defense to the charged conduct. The same rationale applies to the voluminous phone records, which were extracted from phones that were obtained from McClain and which presumably show to whom the phone belongs and what calls and messages have been sent. Thus, the Court finds that Rule 16 has been violated by these late disclosures, since these disclosures should have been made in accordance with the Court's deadlines.

However, the Court must still decide what the appropriate remedy is for these violations. Rule 16(d)(2) states that, when a party fails to comply with a discovery rule or deadline, the

---

[3] Based on the current record, the Court cannot determine the materiality of the chain of custody documents, as they have not been disclosed to the Court for examination. Therefore, the Court will withhold judgment on whether the government violated Rule 16 in belatedly disclosing these documents until they can be examined.

Court may order a party to permit the discovery or inspection of the evidence, grant a continuance to allow for discovery or inspection, prohibit the offending party from introducing the undisclosed evidence, or take any other action that is just under the circumstances. The Court has already granted a continuance. McClain seeks dismissal or, in the alternative, exclusion of the evidence as an additional remedy. The government argues in its response that no further remedy is required.[4]

When deciding the remedy for a discovery violation, the Court must take into account "(1) the reasons for the government's delay in producing the materials, including whether it acted intentionally or in bad faith; (2) the degree of prejudice, if any, to the defendant; . . . (3) whether the prejudice to the defendant can be cured with a less severe course of action, such as granting a continuance," and (4) any other relevant circumstances. *United States v. Maples*, 60 F.3d 244, 247 (6th Cir. 1995). Looking at the first factor, the government argues that any delay in the disclosure was not due to a lack of diligence on the part of the United States, as repeated requests were made to LMPD for this evidence, and it was disclosed to the defendant as soon as it was disclosed to the government. While this may be true, simply shifting responsibility for the late disclosures to the state-government agency does not comport with the spirit, and in some cases the letter, of Rule 16, which is intended to "to insure a fair and thorough determination of [the] defendant's guilt or innocence" through mechanisms such as timely disclosure of all information that is material to the preparation of a defense. *Id.* For example, the government has offered no reason as to why search warrants for cell phones that have been in LMPD's possession for over two years were not sought and executed until the afternoon before trial.

---

[4] The Court notes, however, that the government's argument in its written response to the motion to dismiss, which states that exclusion of the evidence is not required (DN 75, at 8), is not entirely consistent with the position taken during the hearing on the motion, where the government at least implicitly acknowledged that exclusion may be appropriate. (Transcript [DN 72] at 10:21 – 11:3) (arguing that either exclusion or a continuance would be appropriate).

Regardless of the reason for this delay, it creates the exact scenario that Rule 16 is intended to prevent: late disclosures that either require the Court to continue a case long set for trial, or risk the defendant's right to a fair trial due to his inability to examine all of the evidence that is material to the preparation of his defense.

However, the Sixth Circuit has cautioned against imposing harsh sanctions for Rule 16 violations when the failure to disclose amounts to only negligence, as opposed to intentional violations or those done in bad faith. *E.g.*, *United States v. Ganier*, 468 F.3d 920, 928 (6th Cir. 2006) ("The government may have been negligent in waiting until the day before trial to investigate search terms, but negligence does not, by itself, warrant suppression" under the circumstances of the case); *United States v. Moody*, 132 F.3d 34, at *4 (6th Cir. 1997) (Table) ("That the government was negligent – 'perhaps even grossly negligent' – does not mean that it acted in bad faith") (citations omitted). Based on the record before it, the Court finds that the government's Rule 16 violations were the result of negligence and a failure to adequately gather discovery from the appropriate agencies in a timely fashion. That does not mean, though, that such failures are excusable. As stated above, no reason has been provided as to why search warrants were sought and executed on cell phones the day before trial was set to begin when the phones had been in the custody of LMPD for over two years. Such tactics so close to the date of trial do at least raise the suspicion that the actions were taken not in the regular process of gathering evidence and preparing for trial but rather to place the defendant at a disadvantage by providing him a flood of discovery immediately before trial. There is a fine line between being negligent in disclosing evidence and recklessly disregarding Rule 16 and this Court's orders. But the record as a whole indicates that the late disclosures were caused by the government's negligence in this case.

Next, looking at whether McClain has or will suffer any prejudice from these late disclosures, the Court notes that it has already granted a continuance in this case to allow McClain and his counsel time to review the documents and videos that were disclosed recently. The Court finds that no prejudice resulted from the continuance, since McClain had already agreed to be tried on Count III on an undetermined date, meaning that he would have likely remained in custody awaiting that trial regardless of the outcome of the trial of Count I. Thus, McClain cannot argue that a continuance caused him prejudice by having to remain in jail while awaiting to be tried on Count I. However, the Court must still consider whether McClain will suffer prejudice by allowing the government to either try him on Count I or do so with the aid of the recently-disclosed evidence. McClain argues that he will be prejudiced since the government may now take advantage of the continuance and study the recently-disclosed evidence to create an even stronger case against him, and the Court agrees. The Court sets deadlines for disclosures under Rule 16 to ensure that both the government and the defendant have adequate time to study those disclosures and prepare for trial. If the government's negligence requires the Court to continue a trial that has long been set, the government should not be permitted to benefit by using the continuance to study the recent disclosures and bolster its case against the defendant, as McClain argues would happen if the evidence is not excluded or the case dismissed. *See United States v. Hendley*, 2016 WL 1633270, at *2 (E.D. Ky. Apr. 22, 2016) ("Granting a continuance [without excluding the untimely disclosures] would allow the government to end-run around" the rights of the defendant and the deadlines imposed by the court).

Finally, the Court is to "embrace the 'least severe sanction necessary' doctrine" and determine if the prejudice to the defendant can be cured through something short of dismissal or exclusion of the evidence. *Maples*, 60 F.3d at 247. However, as discussed above, a sanction

7

more severe than a continuance is necessary, since a continuance would simply allow the government to examine the late disclosures and potentially use them to bolster its case against the defendant. The issue, thus, is whether exclusion or dismissal is the least severe sanction necessary to ensure a fair trial for McClain and to enforce Rule 16 and this Court's orders.

The Court concludes that exclusion of the surveillance videos and phone records is the least severe sanction necessary to meet those objectives. The Sixth Circuit has indicated that dismissal of a charge for discovery violations, even cumulative ones, is inappropriate in the absence of prejudice to the defendant. *United States v. Taylor*, 13 F.3d 986, 991 (6th Cir. 1994). A continuance without exclusion of the recently-disclosed evidence would prejudice McClain, but that prejudice can be cured by prohibiting the government from using that evidence. By excluding the evidence, McClain may take advantage of the continuance and review the disclosures to properly prepare his defense, and he can do so without the fear that the government will use any unfavorable evidence that was not timely disclosed against him. However, the government will only be precluded from using the evidence in its case-in-chief; if McClain introduces any of the recently-disclosed evidence during his defense, then he opens the door for the government to use similar evidence in rebuttal.

### III. CONCLUSION

Therefore, in response to defendant LaMichael McClain's motion to dismiss (DN 70), the Court orders the following:

(1) McClain's request that Count I be dismissed is **DENIED**;

(2) McClain's request that the government be prohibited from using the surveillance videos and phone records that were belatedly disclosed in violation of Fed. R. Crim. P. 16 is **GRANTED**. The government shall be prohibited from using this evidence in its case-in-chief.

cc: counsel of record